IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY DELOACH<br>13121 Berry Boulevard<br>Cleveland, Ohio 44128<br><br>Plaintiff,<br><br>v.<br><br>OMNICARE HOME HEALTHCARE<br>P.O. Box 227<br>Macedonia, OH 44056<br><br>**Please also serve:**<br>STATUTORY AGENT<br>Omnicare Home Healthcare Agency, LLC<br>c/o Christian N. Ochei<br>8536 Crow Drive<br>Macedonia, OH 44056<br><br>**Please also serve:**<br>Omnicare Home Healthcare Agency<br>24800 Chagrin Boulevard, Suite 105<br>Beachwood, OH 44122<br><br>Defendant. | ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Herein)** |

Plaintiff, Ashley Deloach, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

**PARTIES**

1. Deloach is a resident of the City of Cleveland, County of Cuyahoga, State of Ohio.
2. Defendant Omnicare Home Healthcare ("Omnicare") is an Ohio Domestic Limited Liability Company that is lawfully licensed to conduct business in the state of Ohio.
3. At all referenced times herein, Omnicare owns and operates a home healthcare agency located at 24800 Chagrin Boulevard, Suite 105, Beachwood, Ohio 44122.





4. Omnicare is, and at all times hereinafter mentioned was, an employer within the meaning of R.C. § 4112.01(A)(2).

**JURISDICTION AND VENUE**

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the Plaintiff is alleging a federal law claim arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.
6. Additionally, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.
7. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, under 28 U.S.C. §1391 because it is the district court for the district, division, and counties within which the Defendants operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

**FACTS**

8. Deloach is an African American female.
9. Deloach is a former employee of Omnicare.
10. Deloach was first hired on June 20, 2016 as a home health care aide.
11. Omnicare terminated Deloach on July 27, 2016.
12. Omnicare employed Deloach as an hourly, non-exempt employee.
13. Omnicare paid Deloach at a rate of $8.50 an hour.
14. Omnicare often required Deloach to work over forty hours in one workweek.
15. Deloach was not paid one and one-half times her regular hourly rate when she worked more than forty hours in one workweek.
16. Deloach worked fifty-six hours in her first week of employment.
17. Omnicare instructed Deloach to work fifty-six hours in week one.





18. Deloach worked fifty-six hours in her second week of employment.

19. Omnicare instructed Deloach to work fifty-six hours in week two.

20. Omnicare refused to compensate Deloach for at least twenty of these overtime hours.

21. After Deloach had already worked fifty-six hours in one workweek, an individual from Omnicare contacted Deloach and informed her that she was not authorized to work 56 hours in a work week.

22. This individual informed Deloach she was only authorized to work forty-six hours in a workweek.

23. An individual from Omnicare later contacted Deloach again, informing her that she was only authorized to work forty hours in one workweek.

24. Omnicare failed to compensate Deloach for her last week of employment.

25. As of this date, Deloach has yet to be compensated for her last week of employment.

**COUNT I: VIOLATION OF THE FLSA**

26. Deloach restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

27. During all times material to this complaint, Deloach was not exempt from receiving minimum wage under the FLSA.

28. During all times material to this complaint, Deloach was not exempt from receiving overtime under the FLSA.

29. During all times material to this Complaint, Omnicare violated the FLSA with respect to the Plaintiff by, *inter alia*, failing to compensate her at time-and-one-half her regular rate of pay for the hours worked in excess of forty (40) hours per workweek.

30. During all times material to this complaint, Omnicare knew that Deloach was not exempt from the minimum wage and overtime obligations imposed by the FLSA.





31. Omnicare knew that they were required to pay Deloach at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half her respective regular rates for hours worked in excess of forty (40) hours per workweek.

32. Omnicare failed to pay overtime compensation to which Deloach was entitled.

33. Despite knowing that they were required to pay Deloach at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half her respective regular rates for hours worked in excess of forty (40) hours per workweek, Omnicare failed to pay overtime compensation to which Deloach was entitled.

34. In violating the FLSA, Omnicare acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

35. As a direct and proximate cause of Omnicare's conduct, pursuant to 29 U.S.C. § 216(b), Omnicare is liable to Deloach for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages, as well as costs and reasonable attorney fees.

**COUNT II: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA**

36. Deloach restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

37. Omnicare engaged Deloach in commerce as an employee.

38. Omnicare is an employer engaged in the commerce of business.

39. Omnicare failed to compensate Deloach for approximately twenty (20) hours.

40. Failing to compensate Deloach for hours worked is in violation of 29 U.S.C. § 206(a).

41. In violating the FLSA, Omnicare acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

42. As a direct and proximate cause of Omnicare's conduct, pursuant to 29 U.S.C. § 216(b), Omnicare is liable to Deloach for the full amount of the required minimum wage rate.





**COUNT III: FAILURE TO PAY OVERTIME IN VIOLATION OF R.C. § 4111.03(A).**

43. Deloach restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

44. Deloach worked more than forty hours in one workweek in her first week of employment.

45. Deloach worked more than forty hours in one workweek in her second week of employment.

46. Omnicare did not compensate Deloach at a rate of one and one-half times Deloach's rate of pay for her hours worked in excess of forty hours in one workweek.

47. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, *et seq*.

48. During all times material to this Complaint, Omnicare was a covered employer required to comply with the Ohio Wage Act's mandates.

49. During all times material to this Complaint, Deloach was a covered employee entitled to individual protection of Ohio Wage Act.

50. Omnicare violated the Ohio Wage Act with respect to Deloach by, *inter alia*, failing to pay the Deloach overtime.

51. In violating the Ohio Wage Act, Omnicare acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**COUNT IV: FAILURE TO PAY WAGES IN VIOLATION OF R.C. § 4113.15(A).**

52. Deloach restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

53. Deloach was an employee for Omnicare.

54. Omnicare has not compensated Deloach for hours worked in her third week of employment.

55. Deloach worked these hours prior to being terminated.

56. More than thirty days have elapsed since Deloach's final scheduled payday.





57. Defendant's violation was in violation of R.C. § 4113.15(A).

58. As a direct and proximate cause of Omnicare's conduct, pursuant to Ohio R.C. § 4113.15(B), Omnicare is liable to Deloach for the unpaid wages, and liquidated damages equal to six percent of the unpaid wages, or two hundred dollars, whichever is greater.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ashley Deloach requests judgment against Defendant and an Order:

(a) Issue a permanent injunction:

(i) Requiring Defendant to abolish discrimination, harassment, and retaliation;

(ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendant to restore Deloach to one of the positions to which she was previously employed and entitled by virtue of his qualifications, and expunge her personnel file of all negative documentation;





(c) An award against the Defendant of compensatory and monetary damages to compensate Deloach for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against the Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Deloach's claims as allowable under law;

(f) An award of the taxable costs of this action;

(g) An award of any and all damages available under R.C. § 4112.99;

(h) An award of any and all damages available under 29 U.S.C. § 216(b); and

(i) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

Brian D. Spitz (0068816)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: brian.spitz@SpitzLawFirm.com

*Attorney for Ashley Deloach*

**JURY DEMAND**

Plaintiff Ashley Deloach demands a trial by jury by the maximum number of jurors permitted.

Brian D. Spitz (0068816)



